IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY S. RYNEARSON, | ) |
| | ) |
| Plaintiff, | ) Case No. CV04-654-S-EJL |
| | ) |
| vs. | ) MEMORANDUM DECISION & ORDER |
| | ) |
| WELLS FARGO HOME MORTGAGE, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court in the above-entitled matter is Defendants' Motion to Dismiss (Docket No. 5) for Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The Plaintiff has filed two responses to the motion and was given leave by the Court to file a third response within 15 days of the filing of his amended complaint. The third amended complaint was filed on April 6, 2005. No response was filed by Plaintiff as of May 2, 2005. On May 3, 2005, Plaintiff requested an extension of time to file his response. The Court granted the request. Plaintiff filed his third response to the motion to dismiss on May 20, 2005. The Court also notes Plaintiff was sent a Notice to Pro Se Litigants explaining the requirements for responding to a motion to dismiss or motion for summary judgment on or about February 10. 2005. Defendants filed their reply on June 6, 2005.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Plaintiff Jeffery Rynearson ("Rynearson") filed his amended complaint alleging the Defendants Michael Kirby ("Kirby"), Wells Fargo Home Mortgage, and Wells Fargo Bank, N. A. (collectively referred to as the "Defendants) wrongfully terminated his employment, fraud and breach of contract. Defendants deny that Plaintiff was wrongfully terminated as he was an "at will" employee who could be fired with or without cause. Defendants deny the claim of breach of contract as the written employment agreement provided for termination with or without cause and Plaintiff has not alleged the two exceptions to the at will doctrine that apply to this case. Finally, Defendants deny the claim for fraud as Plaintiff has failed to allege the elements required for a fraud claim.

Kirby fired Rynearson on or about November 4, 2004. Plaintiff claims he was fired because Rynearson disclosed that Kirby had made fraudulent statements regarding the availability of prizes for the "Pic of the Pros" promotion. Plaintiff claims his wrongful termination claim survives the motion to dismiss as his termination was based on unfounded allegations and Kirby retaliated for Rynearson's disclosure of the alleged fraudulent statements regarding the promotions by firing Plaintiff.

Standard of Review

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc., 911 F.2d 242, 247 (9th Cir. 1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has

been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments.  See United States v. Pend Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).   If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56.  See Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

But as Branch makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  Branch, 14 F.3d at 453.  In this case, the referenced employment contract was not attached to the amended complaint, but is included as an exhibit to counsel's affidavit in support of the motion to dismiss.

Analysis

1.  Breach of Contract.

Defendants claim that the breach of contract claim should be dismissed as Plaintiff was an at-will employee and could be fired with or without cause.  Plaintiff does not dispute that he executed a written employment contract which expressly stated he was an at-will employee and either party to the agreement could terminate the agreement with or without cause.  The employment contract sets forth that it shall be interpreted pursuant to Iowa law.  Iowa law allows for at-will employees to be discharged "for any lawful reason, or for no reason at all."  Lloyd v. Drake Univ., 686 N.W. 2d 225, 228 (Iowa 2004).  Moreover, Plaintiff admits in his complaint that he had performance problems that were addressed in his November 4, 2004 meeting with Kirby. Only after Kirby told Plaintiff he was putting him "on notice," did Plaintiff inform Kirby he was not going to "tolerate his intimidation."  After the statement by Plaintiff, Kirby terminated Plaintiff.

ORDER - Page 3
05ORDERS\RYNEARSON_DIS

Accordingly, even if the facts set forth in the amended complaint are true, the termination of Kirby was within the terms of the employment contract and Plaintiff has failed to state a claim for breach of contract.

    2.  Wrongful Termination.

    Defendants allege Plaintiff has failed to state a claim for wrongful termination.  Plaintiff concedes in his second response to the motion to dismiss that his original claim for harassment is not a valid claim under common law.  Plaintiff also concedes his claim is NOT pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e or the Idaho Human Rights Act ("IHRA"), Idaho Code § 6 67-5901.  Plaintiff goes on to state his claims for harassment are under "employment law, according to Federal and State laws for wrongful termination and retaltiory actions by employers."  The Court is not aware of federal or state statutes that provide for a harassment claim in this case outside Title VII and the IHRA.  Therefore, Plaintiff has failed to state a claim upon which relief for harassment can be granted.

    Plaintiff also claims he was retaliated against by his employer after he disclosed the alleged fraudulent statements by Kirby concerning the "Pic of the Pros" promotion.  In liberally construing Plaintiff's responses, it appears to the Court that Plaintiff is attempting to argue that his termination was a violation of Iowa's employment at-will doctrine as the termination was a violation of defined public policy.

    The two exceptions to Iowa's employment at-will doctrine are:

> (1) when the discharge is in clear violation of a "well recognized and defined public policy of the State," and (2) when a contract created by an employer's handbook or policy manual guarantees and employee that discharge will only occur for cause or under certain conditions.

Fry v. Mount, 554 N.W.2d 263, 265 (Iowa 1996).

    There are no facts in the complaint that would support the second exception, so the Court finds Plaintiff is attempting to apply the first exception.  The defect in Plaintiff's response to the motion is that he has not set forth the well-defined public policy of the state of Iowa that was violated.  Assuming there is a general public policy of not requiring employees to violate the law, it is a stretch for Plaintiff to claim Kirby's isolated statement that prizes were no longer available

ORDER - Page 4
05ORDERS\RYNEARSON_DIS

for a certain promotion rises to the level of telling employees to break the law.  While Kirby's statement about the prize availability was not as precise as Plaintiff would have liked, such statements regarding the prizes did not require the Plaintiff to break the law in order to keep his job so there was no violation of public policy.  The Court finds Plaintiff has failed to allege in his amended complaint a violation of a "well recognized and defined public policy" for this exception to be applicable to the case at bar and this claim must be dismissed based on a failure to state a claim upon which relief can be granted.

Even assuming Plaintiff's facts as alleged in the amended complaint, Plaintiff admits Kirby only put him on notice for insubordination and it was not until Plaintiff said he would not be intimidated that Kirby fired Plaintiff.  It was not Plaintiff's disclosure of alleged fraudulent statements that caused his termination, but Plaintiff's insubordinate attitude towards his employer after being put on notice.  This can not be retaliatory wrongful termination for the disclosure of the alleged fraud when Plaintiff was not terminated when Plaintiff confronted Kirby about the alleged fraudulent statements.  Moreover, absent a retaliation claim under Title VII and IHRA, the Court is not aware of federal or state statutes that would provide for a retaliation claim under the facts set forth in Plaintiff's amended complaint.  Plaintiff has failed to set forth any legal citations for his harassment and wrongful termination causes of action and the claims must be dismissed.

3.  Fraud.

Defendants set forth in their memorandum in support of the motion to dismiss, the elements required to be pled with particularity for claim of fraud:

(1) a statement or representation of fact; (2) its falsity; (3) its materiality, (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury.

Hayes v. Kingston, 140 Idaho 551, 555, 96 P.3d 652, 656 (2004).  Plaintiff amended his complaint to try to address the deficiencies in his complaint.

Even assuming as true for purposes of the motion to dismiss the facts set forth in the amended complaint filed on April 6, 2005, the Plaintiff has failed to state a claim for fraud against Defendants.  Plaintiff has not established the materiality of the alleged fraudulent statements.  Kirby stated prizes were not "available" which meant he was not going to spend any more funds for prizes, not that prizes were no longer available for purchase from the third party who sold the prizes to Wells Fargo.  The materiality of the alleged false statement is de minimis and is more a mis-communication than an intentionally fraudulent statement by Kirby.  Second, Plaintiff's own facts in the amended complaint do not support that he suffered any resultant injury as a result of the alleged fraud by Kirby.  Rynearson was not fired for his actions regarding his attempt to order more prizes for the "Pic of the Pros" promotion or the alleged misrepresentations of Kirby or the Sales Manager, Jacque Conant, regarding the availability of prizes and the source of payment for the prizes.  He was only put on notice.  Plaintiff avers he lost customers due to prizes for the promotion.  However, he admits he was terminated at the meeting <u>after</u> he was put on notice and the cost of the prizes was explained to him.  Therefore, any loss of customers was not due to Plaintiff's disclosure of the alleged fraudulent statements, but the fact that Kirby was no longer working for Wells Fargo.  Finally, Plaintiff had other duties associated with his position and the awarding of prizes was not his primary duty so any statement regarding the prizes was not material.

Third, Plaintiff admits he knew the falsity of the alleged fraudulent statements, so he could not have relied on the alleged false statements by Kirby.  Plaintiff completed his forms for prizes after being told no prizes were available by his manager.  Kirby explained to Plaintiff on November 4, 2004 that Plaintiff would have to pay for any prizes he wanted to order.  Fourth, Plaintiff's knowledge of the falsity eliminates any possible reliance on the alleged false statements.  While a customer who was promised a prize might have a claim for fraud on the part of the Defendants for offering a prize when one is not available, Plaintiff did not rely on the false claims and was not a person entitled to a prize.  Plaintiff admits in the amended complaint he knew of the falsity of Kirby's statements and ignored such statements and attempted to order prizes.  For all these reasons, Plaintiff has failed to aver facts to support all nine elements for a claim of fraud and the Fed. R. Civ. P. 12(b)(6) motion should be granted on the fraud claim.

Order

Being fully advised in the premises, the Court hereby orders the Defendants' Motion to Dismiss (Docket No. 5) is GRANTED and the case is dismissed in its entirety.

**DATED:  June 8, 2005**

**Honorable Edward J. Lodge**
**U. S. District Judge**

ORDER - Page 7
05ORDERS\RYNEARSON_DIS